

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00108-CR

MICHAEL BRANDON GARRETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 46938-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Following a bench trial, Michael Brandon Garrett was convicted of family violence assault, enhanced. The trial court made a deadly-weapon finding and sentenced Garrett to twelve years' incarceration. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2018).

Garrett's appellate counsel has filed a brief that discusses the record and reviews the trial proceedings in detail. After counsel's professional evaluation of the record, he has concluded that there are no arguable grounds to be advanced on appeal. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel mailed a copy of the brief and the motion to withdraw to Garrett on or about November 27, 2018, informing Garrett of his right to file a pro se response, his right to review the record of the trial proceedings in doing so, and his right to petition the Texas Court of Criminal Appeals for review should this Court affirm the trial court's judgment.

On December 20, 2018, Garrett filed a motion for access to the record on appeal. On January 3, 2019, we ordered our clerk's office to provide Garrett a complete copy of the appellate record in this case, and that paper copy of the record was then sent to Garrett. That order also set February 11, 2019, as the deadline for Garrett to file any pro se response to his counsel's *Anders* brief. Garrett did not filed a pro se response and did not request an extension of time in which to file such a response. In excess of sixty days has elapsed since counsel's notice, a more than adequate period of time. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

2

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The trial court's judgment indicates that time credits are "N/A," not applicable, but the trial court, orally from the bench, indicated that it was giving Garrett "credit for any time served." Given our authority to modify the judgment to reflect the truth, we will modify the trial court's judgment to reflect that Garrett will receive credit for time served on this charge. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

We modify the trial court's judgment to reflect that Garrett shall receive credit for time served on this charge. As so modified, the judgment of the trial court is affirmed.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 14, 2019
Date Decided:       March 21, 2019

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.